UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BRYAN IVERSON, a/k/a Bryan J. Iverson,<br><br>             Petitioner,<br><br>    vs.<br><br>BOB DOOLEY, Warden,<br><br>             Respondent. | 5:16-CV-05074-JLV<br><br>REPORT AND RECOMMENDATION |

  Petitioner, Bryan J. Iverson, is an inmate incarcerated pursuant to a South Dakota state court judgment and is housed at the Rapid City Community Work Center in Rapid City, South Dakota. The judgment of conviction on which he is incarcerated dates back to 2012. See Docket No. 1. However, the subject matter of Mr. Iverson's petition is a disciplinary complaint he received on May 23, 2016, which, he alleges, unconstitutionally extends his period of incarceration. Id. Mr. Iverson's petition is before this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Jeffrey L. Viken, chief judge.

  Mr. Iverson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Relief under 28 U.S.C. § 2241 is only available to prisoners in *federal* custody. The exclusive vehicle for habeas relief for prisoners in the custody of a *state* is 28 U.S.C. § 2254. See Singleton v. Norris, 319 F.3d 1018, 1022-23 (8th Cir. 2003); Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001);

Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004).  "A person in custody pursuant to the judgment of a State court" can only obtain habeas relief through § 2254, no matter how his pleadings are styled.  Crouch, 251 F.3d at 723.

The court is faced with two options.  It could give Mr. Iverson notice that it was construing his § 2241 petition as a petition under § 2254.  Cf. Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002).  However, even if Mr. Iverson opted to have the court construe his petition as a § 2254 petition, it would be subject to immediate dismissal for failure to exhaust his claims in state court.

Under the Anti-terrorism and Effective Death Penalty Act (AEDPA), federal habeas review of state court convictions is limited to claims the petitioner previously presented to the state courts for consideration:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>  (A) the applicant has exhausted the remedies available in the courts of the state; or
>  (B)  (i) there is an absence of available State corrective process; or
>  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> * * *
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

See 28 U.S.C. § 2254(b) and (c).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas

2

petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  This requires that Mr. Iverson file a habeas petition with the state circuit court and then also afford the South Dakota Supreme Court an opportunity to rule on the merits of the circuit court's decision by timely seeking review before that court. O'Sullivan, 526 U.S. at 845.  See also SDCL § 21-27-18.1.

Without first exhausting his claims in state court, this court may not review Mr. Iverson's claims.  O'Sullivan, 526 U.S. at 845.  Mr. Iverson's petition reveals that he has pursued the administrative remedy process through the prison, but there is no mention that a habeas petition was filed in South Dakota circuit court prior to filing in this federal court.  See Docket No. 1.

The other option available to the court is to dismiss Mr. Iverson's petition outright, without prejudice, to allow him to exhaust his claims in state court and return later to file a § 2254 petition in this court.  Both options lead to the same place:  dismissal without prejudice.  Accordingly, the court chooses the latter option as the most efficient option.

In addition, Mr. Iverson has only one year from the date the respondents' actions became final in order to file his § 2254 petition with this court.  See 28 U.S.C. § 2244(d).  The running of that one-year period will be tolled while Mr. Iverson's properly-filed state application for post-conviction relief is pending before the state courts.  Id.  The best way to ensure Mr. Iverson meets that one-year deadline is to allow him to immediately begin exhausting his claims in state circuit court.  Immediate dismissal of this petition in this court will allow that to happen sooner rather than later.

## CONCLUSION

Based on the foregoing, this magistrate judge respectfully recommends that petitioner Bryan J. Iverson's habeas petition pursuant to 28 U.S.C. § 2241 be dismissed without prejudice for the reason that Mr. Iverson is a state prisoner and his petition is neither filed pursuant to 28 U.S.C. § 2254 nor has Mr. Iverson complied with the exhaustion requirement of § 2254.

## NOTICE OF RIGHT TO APPEAL

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(B).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require *de novo* review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 25th day of August, 2016.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge