UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BRYAN IVERSON, a/k/a Bryan J. Iverson,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>BOB DOOLEY, Warden,<br><br>　　　　　Respondent. | CIV. 16-5074-JLV<br><br>ORDER |

**INTRODUCTION**

　　Petitioner Bryan J. Iverson is an inmate incarcerated pursuant to a 2012 South Dakota state court judgment. (Docket 7). He is housed at the Rapid City Community Work Center. Id.

　　Mr. Iverson, appearing *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Docket 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order, the petition was referred to United States Magistrate Judge Veronica L. Duffy. Magistrate Judge Duffy filed a report and recommendation concluding the court should dismiss Mr. Iverson's petition because he did not exhaust his state court remedies. (Docket 7 at p. 4). Mr. Iverson filed timely objections to Magistrate Judge Duffy's report and recommendation. (Docket 8).

　　Mr. Iverson bases his petition on a report finding him noncompliant with his individual program directive, which he argues unconstitutionally extends his

period of incarceration. (Dockets 1 & 2-14). His petition provides four grounds, one claiming an Eighth Amendment violation and three claiming Fifth Amendment due process violations. (Docket 1 at pp. 6-8). Mr. Iverson filed a document requesting the court strike his fourth ground in the petition and construe his petition as a petition under 28 U.S.C. § 2254. (Docket 9).

Since filing his petition, Mr. Iverson also filed a motion *in limine*, a motion to supplement, and a motion to amend. (Dockets 4, 10 & 11). His motion to supplement the petition states that on December 15, 2016, the South Dakota Board of Pardons and Paroles found Mr. Iverson noncompliant, consistent with the prior report. (Dockets 10-1 & 10-3).

**PROCEDURAL BACKGROUND**

The report forming the basis of the petition occurred on May 23, 2016. (Docket 2-14). The report states Mr. Iverson failed "to abide by rules or regulations governing special programs including[] work release, community service, [furloughs] or private employment inside an institution." Id. Consequently, Mr. Iverson was found noncompliant with his individual program directive[1] and his parole date was moved to a later time. (Docket 10-3 at pp. 1-3). Mr. Iverson requested an administrative remedy and was denied on July 26, 2016, because the request "exceeded the allotted time period for requesting an Administrative Remedy." (Docket 2-15).

---

[1]On June 13, 2012, Mr. Iverson signed an individual program directive, which set out the terms of his parole status. (Docket 10-3). "A required element of Iverson's [individual program directive] was to work diligently and to the best of his ability at any job to which he was assigned." Id.

2

On December 15, 2016, the Board of Pardons and Paroles ("the Board") held a hearing to review whether Mr. Iverson complied with his individual program directive.  (Docket 10-3).  The Board found Mr. Iverson noncompliant. Id. at p. 2.  On February 3, 2017, Mr. Iverson filed a supplement in this court explaining he appealed the Board's findings to the state circuit court as of December 27, 2016.  (Docket 12).

## ANALYSIS

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections.  Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1).  The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Mr. Iverson's objections are overruled and the report and recommendation is adopted in full.

Magistrate Judge Duffy recognized Mr. Iverson improperly sought habeas relief under § 2241 because that avenue for relief is available to federal prisoners and Mr. Iverson is a state prisoner.  (Docket 7 at p. 1).  State prisoners must seek habeas relief via § 2254.  Id. at p. 2 (citing Singleton v. Norris, 319 F.3d 1018, 1022-23 (8th Cir. 2003)).  Acknowledging the court may construe Mr. Iverson's case as a § 2254 petition, Magistrate Judge Duffy reasoned doing so would not alter her ultimate finding.  Id.  The court adopts this approach and rules on the petition as if brought under § 2254.

Magistrate Judge Duffy found petitioner failed to meet "the exhaustion requirement of § 2254." (Docket 7). Petitioner objects to that conclusion. (Docket 8).

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas review of state court convictions is limited to claims the petitioner previously presented to the state courts for consideration:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>     (A) the applicant has exhausted the remedies available in the courts of the state; or
>
>     (B)(i) there is an absence of available State corrective process; or
>
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b) and (c).

"The foundation for the exhaustion rule is that the states retain primary responsibility under the United States Constitution for the legality of their exercise of police power." Hawkins v. Higgins, 898 F.2d 1365, 1367 (8th Cir. 1990). "Accordingly, state courts have the first opportunity and responsibility to determine whether a particular exercise of police power is constitutional or unconstitutional." Id.

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This requires Mr. Iverson to file a habeas petition with the state circuit court and then also afford the South Dakota Supreme Court an opportunity to rule on the merits of the circuit court's decision by timely seeking review before that court. Id., 526 U.S. at 845; see also SDCL § 21-27-18.1.

When a South Dakota inmate is found noncompliant with an individual program directive, SDCL § 24-15A-39 sets forth the procedure the state must carry out. The statute also describes the process the inmate must follow to appeal the finding of noncompliance and exhaust state remedies. SDCL § 24-15A-39 provides:

> Any inmate whom the warden reports has not substantively complied with the individual program directive or for whom there is insufficient information for the warden to determine substantive compliance or noncompliance shall have a hearing with the board to determine the inmate's compliance with the individual program directive. However, if the inmate wishes to admit to noncompliance with the individual program directive, the inmate may waive an appearance at this hearing.
>
> The board may determine the inmate has substantively complied with the individual program directive and release the inmate at the inmate's initial parole date or as soon as reasonably possible following the initial parole date and hearing. The board may also determine the inmate has not substantively met the requirements of the individual program directive, deny release at the initial parole date and set the time for a subsequent discretionary parole hearing. If an inmate does not have an individual program directive, the board shall utilize the standards contained in § 24-15A-42 in making its determination. Any inmate appeal of a finding of noncompliance by the board shall be filed pursuant to chapter 1-26

> in the county in which the inmate is confined or in Minnehaha County if the inmate is housed outside the State of South Dakota.
>
> Any inmate not released at the time of the inmate's initial parole date shall have a discretionary parole hearing at least every two years.

SDCL § 24-15A-39.  Mr. Iverson started on this statutory path, but he has not completed it.

SDCL § 24-15A-39 directs Mr. Iverson to appeal the Board's finding pursuant to Chapter 1-26 of South Dakota's codified law.  "An appeal from the Board is governed by SDCL 1-26-37."[2]  <u>Santema v. S.D. Bd. of Pardons & Paroles</u>, 735 N.W.2d 904, 905 (S.D. 2007) (citation omitted).  Under SDCL § 1-26-37, Mr. Iverson must seek review of the Board's decision in the state circuit court and then the South Dakota Supreme Court.  Mr. Iverson states he appealed the Board's noncompliance finding to the state circuit court but not the South Dakota Supreme Court.  (Docket 12).  The court finds Mr. Iverson fails to meet § 2254's exhaustion requirement because he did not complete the appeal process as detailed in South Dakota law.

In Mr. Iverson's objections he argues his case falls under a South Dakota statute different than those cited above.  (Docket 8 at p. 2).  Mr. Iverson believes the applicable statute is SDCL § 21-27-1.1.  (Docket 8 at p. 2).  SDCL § 21-27-1.1 provides:

---

[2]SDCL § 1–26–37 provides: "An aggrieved party or the agency may obtain a review of any final judgment of the circuit court under this chapter by appeal to the Supreme Court.  The appeal shall be taken as in other civil cases.  The Supreme Court shall give the same deference to the findings of fact, conclusions of law, and final judgment of the circuit court as it does to other appeals from the circuit court.  Such appeal may not be considered de novo."

6

> A writ of habeas corpus is not a remedy available to an applicant who is incarcerated or detained under a lawful order, or judgment and sentence to seek relief from sanctions imposed upon an applicant or administrative decisions made with regard to such application arising out of disciplinary or administrative actions of the penal institution where the applicant is being confined.

SDCL § 21-27-1.1. Mr. Iverson argues that finding him noncompliant with his individual program directive is the type of "disciplinary or administrative action[]" identified in SDCL § 21-27-1.1. The statute deprives state circuit courts of jurisdiction over habeas claims flowing from these disciplinary or administrative actions. As a result, Mr. Iverson claims he need not file in a state circuit court because there is no state remedy he can exhaust. (Docket 8).

Mr. Iverson's argument is comparable to the position of the petitioner in Harris v. Duckworth, 909 F.2d 1057 (7th Cir. 1990). The petitioner in Harris sought review of the Indiana State Prison Conduct Adjustment Board's determination she violated prison disciplinary rules. Id. at 1058. Ms. Harris filed a § 2254 petition claiming constitutional violations—without exhausting in state court. Id. The United States Court of Appeals for the Seventh Circuit held Ms. Harris could bypass state remedies and file in federal court because the Indiana Supreme Court previously ruled no Indiana courts will review habeas petitions challenging prison disciplinary decisions. Id. at 1058-59. There was nothing for Ms. Harris to exhaust.

In the vein of Harris, the United States Court of Appeals for the Eighth Circuit "recognize[s] the futility of requiring a habeas petitioner to exhaust state remedies when the state court has recently decided the same legal question

7

adversely to the petitioner under nearly identical facts."  Padavich v. Thalacker, 162 F.3d 521, 522 (8th Cir. 1998) (citation omitted).  "If there is no state remedy, a prisoner may go directly to federal court for protection of his constitutional rights."  Exhaustion of State Remedies—The Background—What Exhaustion Requires, 17B Fed. Prac. & Proc. Juris. § 4264.1 (3d ed).

Even if Mr. Iverson is right that SDCL § 21-27-1.1 applies to his case,[3] he may not bypass state courts.  The South Dakota Supreme Court expounded on SDCL § 21-27-1.1 in Tibbetts v. State, 336 N.W.2d 658 (S.D. 1983).  In Tibbetts, the petitioner was an inmate who lost good time credit after pleading "guilty to [a] rule infraction before the disciplinary board . . . ."  Id. at 659.  Mr. Tibbetts filed a habeas petition in the state circuit court, and the court found it had jurisdiction despite SDCL § 21-27-1.1.  Id. at 660.  On appeal, the state argued the lower court lacked jurisdiction and "penitentiary inmates who seek a redress of grievances relating to penitentiary disciplinary procedures should be relegated to the federal courts under 42 U.S.C. § 1983 or under the federal habeas corpus statute, 28 U.S.C. § 2254."  Id. at 661-62.

The South Dakota Supreme Court agreed with the state on the lower court's lack of jurisdiction, but it expressly rejected the state's position on habeas petitions.  Id. at 662.  "Given the current workload of the federal courts, to adopt the State's position on this matter would constitute an abdication by the State of its responsibilities."  Id. (citation omitted).  The South Dakota Supreme

---

[3]As stated earlier, the court finds SDCL § 24-15A-39 applies to Mr. Iverson's case—not SDCL § 21-27-1.1.

8

Court held petitioners in Mr. Tibbett's position could seek "judicial review of penitentiary disciplinary actions pursuant to the Administrative Procedures Act[]" and they "ha[ve] available . . . the remedies of the writs of prohibition and mandamus . . . ."  Id.

Under Tibbetts, Mr. Iverson has those same remedies available in state court.  Mr. Iverson could challenge the administrative procedures governing the Board finding noncompliance with an individual program directive.  See ARSD 17:60:08:01-06.  He could also file writs of prohibition and mandamus.  See Tibbetts, 336 N.W.2d at 662.  Even if Mr. Iverson was correct about the applicable statute, his objections to Magistrate Judge Duffy's conclusion do not prevail.

Based on the above analysis, it is

ORDERED that Mr. Iverson's objections (Docket 8) to Magistrate Judge Duffy's report and recommendation are overruled.

IT IS FURTHER ORDERED that Magistrate Judge Duffy's report and recommendation (Docket 7) is adopted in full.

IT IS FURTHER ORDERED that Mr. Iverson's remaining motions (Dockets 4, 10 & 11) are denied as moot.

Dated March 6, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE